PER CURIAM.
 

 Denise Money appeals an order denying her rule 3.850 motion as untimely filed. Appellant filed her original rule 3.850 motion within the two-year time limit, and the motion was dismissed without prejudice to refile the motion within 30 days with a proper oath. She timely refiled the motion with a corrected oath. Months later, beyond the two-year time limit, she filed an amended motion raising additional arguments. The state responded to the original motion and attached records that showed the claims in both motions are without merit. The trial court denied both motions on the merits.
 

 A few days later the court realized that appellant had filed a reply to the state’s response. The reply argued that the state did not address the amended motion. The trial court treated the reply as a motion for rehearing and ordered the state to file a response. In its response the state agreed that the original 3.850 motion was timely but pointed out that the amended motion was not timely filed. The state also addressed the merits of the claims in the amended motion and demonstrated that appellant’s allegations are refuted by the record.
 

 It appears that another judge was assigned to this division. The successor judge entered an order denying both the original and amended motions as untimely filed.
 

 Appellant moved for rehearing. She acknowledged that her amended rule 3.850 motion was untimely, but pointed out that the court had previously found the original motion was timely. She asked the court to consider the merits of the original motion. The successor judge denied rehearing.
 

 Appellant is correct that her original rule 3.850 motion was refiled within the time permitted by the trial court and the motion should not have been denied as untimely. However, we affirm because the judge who was previously assigned to this case had already denied the original motion on the merits; the arguments in appellant’s reply, which was treated as a motion for rehearing, did not go to the allegations in her original motion; and the attached records refute her claims.
 

 Contrary to the allegations in appellant’s original rule 3.850 motion, trial counsel was not ineffective for failing to inform her that she could withdraw her plea because the court sentenced her above the negotiated sentence. The plea agreement provided that if she failed to return from furlough the court could sentence her up to the statutory maximum. The plea transcript reflects that appellant understood the terms of the agreement. Appellant had no grounds to move to withdraw her plea after she failed to timely appear for sentencing. At her sentencing hearing, she admitted that during her furlough she had relapsed on cocaine, and she expressly acknowledged that she had no justification or any excuse for failing to appear. Be
 
 *1180
 
 cause her ineffective assistance of counsel claim is without merit, we affirm.
 

 Affirmed.
 

 POLEN, HAZOURI and CIKLIN, JJ., concur.